```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY,

          Plaintiff,

-against-

HUDSON EXCESS INSURANCE COMPANY,

          Defendant,

    and

CRISTHIAN YUNGAN,

          Nominal Defendant.

25 Civ. 6048 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff Southwest Marine and General Insurance Company ("Southwest") intends to move for a default judgment against nominal defendant Christhian Yungan, *see* ECF No. 24, and, accordingly, has obtained a Clerk's Certificate of Default as to Yungan. *See* ECF No. 33.

    Having reviewed Southwest's filings in this case, the Court finds Southwest's evidence of proper service to be insufficient to support any contemplated motion for default judgment. Southwest's request for a certificate of default states that a copy of the summons and complaint in this action was served on Yungan on July 29, 2025. *See* ECF No. 32 ¶ 3; *see also* Certificate of Serv., ECF 14. The certificate of service, however, does not reflect proper service. That certificate states that Southwest's process server delivered the summons and complaint to a receptionist at Gorayeb & Associates, P.C. ("Gorayeb"), a law firm in Manhattan. Certificate of Serv. It claims that Gorayeb is Yungan's "place of business" and that the summons and complaint were also mailed to Gorayeb. *Id.*

    This does not appear to be correct. Southwest cites to no evidence in the record suggesting that Yungan is employed by Gorayeb. To the contrary, the docket in the underlying civil action giving rise to this insurance coverage dispute, *Yungan v. Skyward Developers Inc. et al.*, No. 806103/2023E (Bronx Cnty. Sup. Ct. filed Apr. 18, 2023), suggests that Gorayeb serves as counsel to Yungan in that action, but it has not appeared as counsel for Yungan in *this* action. *See* Compl. at ¶ 2, ECF No. 5. The Court additionally cannot locate any public record suggesting that Yungan is employed by, or conducts business through, Gorayeb.

    Such service is insufficient with the requirements of New York Civil Practice Law and Rules § 308. Since Yungan is a natural person, service may either be accomplished by: (1) personal service, *id.* at § 308(1); (2) service to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" along with first class

mail, *id.* at § 308(2); (3) service upon a designated agent, *id.* at § 308(3); or by specific other means outlined in N.Y. C.P.L.R. § 308(4)–(5).  Southwest has not made a sufficient showing that Gorayeb is in fact Yungan's "actual place of business," *id.* at § 308(6), and therefore, has not met its burden to show proper service.

Accordingly, by **December 12, 2025**, Southwest shall serve the summons and complaint on the Defendant and file proof of such service on the docket.

SO ORDERED.

Dated: November 21, 2025
       New York, New York

                                          ANALISA TORRES
                                    United States District Judge

2