UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY,

                        Plaintiff,

        -against-

HUDSON EXCESS INSURANCE COMPANY,

                        Defendant,

        and

CRISTHIAN YUNGAN,

                        Nominal Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/2/2026_____

25 Civ. 6048 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff Southwest Marine and General Insurance Company ("Southwest") has stated that it intends to move for default judgment against "nominal defendant" Cristhian Yungan. *See* ECF Nos. 24, 33. By order dated November 21, 2025, the Court found Southwest's "evidence of proper service [on Yungan] to be insufficient to support any contemplated motion for default judgment," *see* ECF No. 34 at 1, because the evidence did not comply with the requirements of New York Civil Practice Law and Rules § 308.

The Court ordered Southwest to file proof of proper service by December 12, 2025. Southwest failed to do so. *See* ECF Nos. 34–35. Southwest again failed to file proof of proper service when the Court later extended its deadline to January 16. *See* ECF Nos. 42, 43.

On January 22, 2026, Southwest filed an affidavit of service. *See* ECF No. 44. That service reflects that a copy of the summons in this case was mailed on that date to Yungan at an address in Flushing, New York by certified mail, marked "PERSONAL & CONFIDENTIAL." *Id.*

Astoundingly, despite being given multiple *sua sponte* extensions by the Court, and despite being explicitly notified of the requirements of N.Y. C.P.L.R. § 308, *see* ECF No. 34, Southwest's evidence of service remains insufficient under state law and Federal Rule of Civil Procedure 4(e). N.Y. C.P.L.R. § 308 allows for service upon a natural person by: (1) personal delivery of the summons and complaint; (2) delivery upon "a person of suitable age and discretion" at the person's "actual place of business" or "dwelling or usual place of abode," coupled with delivery by "first class mail;" (3) delivery within the state upon an agent for service; (4) "affixing" and mailing the summons by "first class mail" where delivery cannot otherwise be made with due diligence; and (5) in such other manner as the court directs. *See* N.Y. C.P.L.R. § 308(1)–(5). It does not permit service by mail

alone.[1]  The Federal Rules of Civil Procedure also do not provide for personal service upon a natural person by mail alone.  *See* Fed. R. Civ. P. 4(e)(2).

Additionally, the affidavit filed on January 22, 2026 only states that the summons was mailed to Yungan in this matter, not the complaint.  Although N.Y. C.P.L.R. § 308 permits service by delivering only the summons to the person to be served, the Court's November 21 order required Southwest to serve "the summons and complaint" on Yungan.  *See* ECF No. 34 at 2.

The Court notes that Southwest has represented Yungan as a "nominal" defendant in this action.  *See* Compl., ECF No. 5.  This appears to be because Southwest principally seeks relief against Defendant Hudson Excess Insurance Company ("Hudson"), on the grounds that Hudson has failed to fulfill its duty to defend and indemnify certain companies for which Southwest also provides insurance in an underlying personal injury action.  *See* Compl. ¶¶ 1–3, 20–24.  The Complaint does not identify any relief Southwest seeks from Yungan, although it does identify him as the plaintiff in the underlying action.  *See generally id.*

Accordingly, by **February 10, 2026**, Southwest shall file proof of adequate service of the summons and complaint in this matter on the docket.  *See* Fed. R. Civ. P. 4(e).  If Southwest fails to properly serve Yungan by that date, the Court may dismiss all claims against him.  *See Moore v. Brooklyn Hosp. Ctr.*, No. 22 Civ. 4208, 2022 WL 16798230, at *1 n.1 (E.D.N.Y. Nov. 8, 2022) ("Failure to serve process within 90 days provides authority for the Court to dismiss the case." (citing Fed. R. Civ. P. 4(m)).  No extension of this deadline shall be granted absent exceptionally good cause shown.

SO ORDERED.

Dated: February 2, 2026
     New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] N.Y. C.P.L.R. § 312-a(a)–(b) allows for service by mail of a summons and complaint but requires mailing certain additional materials, including "two copies of a statement of service by mail and acknowledgement of receipt" form, and requires a "signed acknowledgment of receipt" for proof of service.